Opinion of the Court by
Judge Owsley.
[Absent Chief Justice Bibb.]
Jesse Tevis and Nancy Tevis, executor and executrix of the last will and testament of Nathaniel Tevis, deceased, brought an action of assumpsit in the court below, against Joseph H. Tevis, executor of the last will and testament of Robert Tevis, deceased, and declared upon a parol submission, alledged to have been made between the executor of the latter, and the executor and executrix of the former, of a certain matter in controversy, in relation to a claim which the former, in right of their testator, held against the latter, upon a contract of his testator, to the determination and award of John White and Joseph Kennedy, and the parol award alleged to have been made by the arbitrators, in pusnance of the submission whereby the executor of Robert Tevis, deceased, was adjudged to pay one hundred and five dollars, but to pay the same, the declaration alleges he has entirely failed, &c.
On the trial, evidence was introduced, conducing to prove, not that both the executor and executrix of Nathaniel Tevis, dec’d. but that the executor of said Tevis, deceased, and the executor of Robert Tevis, deceased, verbally submitted to the determination and award of White and Kennedy, a matter of controversy which existed between the parties, in relation to a contract made between the testator of the latter, and the testator of the former; and that in pursuance of the submission so made, the said White and Kennedy determined that the executor of the said Robert Tevis, should pay one hundred and five dollars.
On the part of the executor of Robert Tevis, this evidence was contended in the court below, not to support the cause of action set forth in the declaration; but the court being of a different opinion, refused to instruct the jury to find as in case of a non-suit.
Bill of exceptions.
Proof of a submission by one of two executors will not support a declaration in name of both.
An arbitrament and award, if valid merges the original demand, and no action can afterwards be maintained but on the award.
The opinion of the court was excepted to by the executor of Robert Tevis. deceased, and the question that first demands our notice, involves the correctness of the decision, which went to refuse to instruct the jury.
The only objection which appears to have been taken in the court below, to the sufficiency of the evidence, to support the cause of action, set out in the declaration, consists in the variance between the submission alleged to have been made by the executor and executrix of Nathaniel Tevis, and the evidence which proved tho submission to have been made by the executor only. The variance must, however, in our opinion, be fatal to the right of the plaintiffs in that court, to recover in the present action.
By declaring upon the submission and award, the plaintiffs in the court below, must have proceeded upon the principle, that after the award, which is alleged to have been made by the arbitrators, in pursuance to the submission of the parties, no action could be maintained upon the original cause of action; but that the action must be founded upon the agreement, to submit the matter in contest, to arbitration, and the award made in pursuance thereof. For if, notwithstanding the submission and award, an action may he maintained upon the original cause of action, it is perfectly clear that no action can be sustained, to recover the sum awarded by the arbitrators, upon the agreement to submit. It is because an award, which is made in pursuance of a regular submission, will bar an action brought upon the original cause of submission, that an action may be maintained upon the agreement to submit. And it is because an action may be maintained upon the agreement to submit, that the award made in pursuance thereof, is a bar to an action founded on the original cause submitted. To be such a bar, the award must, it is true, be a valid one, and have been made in pursuance of a legal submission by the proper parties. But in deciding upon the correctness of the decision of the court below, in refusing to instruct the jury, as asked for by the defendant, in *48 that court, we shall not stop to examine the validity of the award, The plaintiffs in that court, by declaring upon the submission and award, have treated them as binding upon the parties; and it is sufficient for us, assuming them to be valid, to inquire whether or not, there exists such a variance between the evidence introduced on the trial, and the agreement to submit, alleged in the declaration as to be fatal to a recovery by the plaintiffs. Unless there exists something in this case, to take it, out of the influence of the principle which governs ordinary cases of contracts, the variance between the evidence and the agreement, set out in the declaration, must undoubtedly be fatal to the plaintiff’s recovery.
In an action by two on contract, there cannot be a recover, on evidence of a contract with one only.
An action on an award upon a submission by an executor, of a demand on a contract with the testator, must be in his personal, not juduciary character--executors may be added as description, &c.
The agreement to submit, laid in the declaration, is alleged to have been entered into by both of the plaintiffs, and the proof is clear that the executrix had no participation in making the agreement, and as a general principle, the doctrine is well settled, that in an action by two or more, upon a contract alleged to have been made by all, there can be no recovery upon evidence of a contract by part only. It is true in this case, though the action is brought by two, they both appear to be executors, and have declared in their fiduciary characters; but their having done so, cannot, we apprehend, take their case out of the general principle to which we have alluded.
If, after an award made in pursuance of a submission, by executors of a matter relating to the estate of the testator, the action to recover upon the award should be in their fiduciary character, there would certainly be much plausibility in requiring all the executors to unite in the action, though the submission were made by part only; but as the allegations contained in the declaration, and the proof should always agree, it would certainly in such a case, be more conformable to strict propriety, to allege in the declaration, the agreement of submission to have been made by the executor who in truth made it. But to recover upon an award, made in pursuance of a submission by executors, we are not prepared to admit that the action should be in the fiduciary *49 character. The cause of action which arises in such a case, as it goes to defeat a recovery upon the original cause of action, must of necessity accrue to the executors, in their personal right, and should undoubtedly be so treated in all its consequences; though for the purpose of description of the persons suing, it may not be improper to name them as executors. Considered, therefore, as an action in the personal right of the executors, it follows, that to recover upon an award made under a submission by one of two or more executors, the action should be brought in the name of the executor only, by whom the agreement to submit was made; and that where the action is brought by two or more, upon a submission alleged to be made by all, there can be no recovery upon evidence going to prove a submission by one only.
If one only of two executors submit to arbitrament, the other cannot be united in an action on the award.
Turner, for appellant.
It results therefore, that the court erred in refusing to instruct the jury as in case of a non-suit.
Other questions were made and decided in the court below, but as the one already noticed, must, we apprehend, be fatal to the action; we should engage in a useless speculation were we to proceed with the examination of them.
The judgment must be reversed with cost, the cause remanded to the court below, and the plaintiffs there permitted, should they think proper to do so, to further prosecute their action conformable to the principles of this opinion.